IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| V. § | No. 3:18-cr-609-K (01) |
| § | |
| RANDALL ANTHONY MELTON, § | |
| Dallas Cnty. Jail BookIn #19060670, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Randall Anthony Melton was convicted of being a felon in possession of a firearm, in violation of 18 USC §§ 922(g)(1) and 924(a)(2), and, in December 2019, he was sentenced to 100 months in custody, to run fully concurrent with any sentence that may be imposed in state criminal cases then pending in Texas and North Carolina. *See* Dkt. No. 50.

Melton, currently in custody at the Dallas County jail, has now sent correspondence to the Court requesting compassionate release, stating that, because of his asthma and the known rapid spread of COVID-19 in jails and prisons, he is "afraid for [his] safety." Dkt. No. 55. United States District Judge Ed Kinkeade referred Melton's request to the undersigned United States magistrate judge for hearing, if necessary, and recommendation. *See* Dkt. No. 56.

"'A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization. Methods of altering a sentence after it has been entered include a direct appeal, a collateral attack under 28 U.S.C. §§ 2241 or 2255, a motion under 18 U.S.C. § 3582(c), and a

motion under Federal Rule of Criminal Procedure 36.'" *United States v. Hernandez*, No. 3:08-cr-268-B (03), 2016 WL 1039540, at *2 (N.D. Tex. Feb. 19, 2016) (citation omitted), *rec. accepted*, 2016 WL 1028236 (N.D. Tex. Mar. 15, 2016).

Of these, Melton's request for compassionate release should be construed as brought under Section 3582(c)(1)(A), which, as amended by the First Step Act of 2018, authorizes "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, [to] reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In his request, Melton does not allege that he has sought compassionate relief from the BOP. "Section 3582(c)(1)(A), at a minimum, expresses Congress's strong and distinct preference for the BOP to be the initial gatekeeper for inmates' compassionate release requests, in recognition of the fact that the BOP 'is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan.'" *United States v. Jemal*, Cim. A. No. 15-570, 2020 WL 1701706, at *3 (E.D. Pa. Apr. 8, 2020) (citation omitted). And the statutory "exhaustion requirement is 'a glaring roadblock foreclosing compassionate release' where 'BOP has not had thirty days to

consider [the defendant's] request to move for compassionate release on his behalf' or if 'there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period.'" *United States v. Miller*, No. 2:17-cr-15-D (02), 2020 WL 2514887, at *2 (N.D. Tex. May 15, 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)); *see also United States v. Alam*, ___ F.3d ____, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (concluding that the statute's exhaustion requirement is a "mandatory claim-processing rule[ that] bind[s] the courts only when properly asserted and not forfeited" and thus "does not deprive [a court] of subject-matter jurisdiction" (citation omitted)); *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) ("Though [Section 3582(c)(1)(A)(i)] contains its own administrative exhaustion requirement, several courts have concluded that this requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." (collected cases omitted)).

"Nor does [Melton] allege a basis to excuse [his] failure to exhaust administrative remedies in the unique circumstances of the COVID-19 pandemic." *Miller*, 2020 WL 2514887, at *2 (citing *Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations omitted)); *United States v. Gross*, ___ F. Supp. 3d ____, No. 15-cr-769 (AJN), 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020) ("[T]he statute includes

an exhaustion requirement in recognition of the fact that 'BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan.'" (citation omitted))).

The Court should therefore afford BOP the first opportunity to address Melton's request for compassionate release based on the COVID-19 pandemic and deny this construed motion without prejudice. *See Alam*, 2020 WL 2845694, at *5 (noting that the United States Supreme Court "has previously applied this remedy in cases where parties filed in court before waiting out a statutorily required non-adversarial window"; that "[t]his approach comports with the general rule that we must strictly enforce statutory limits on the timing of a claim's filing"; and that dismissal without prejudice "makes plenty of sense on its own terms. If (rather than dismissing) [the court] sat on untimely compassionate release motions until the 30-day window ran its course, [it] could end up reviewing stale motions. Better to have [the defendant] refile with the benefit of whatever additional insight he may have gleaned." (citations omitted).

The undersigned does note that Melton is currently incarcerated at the Dallas County jail, but his requesting compassionate release through a filing in his closed federal criminal case is why the request should be construed as made under Section 3582(c)(1)(A). So, to the extent that Melton should object to the dismissal of his construed motion based on his failure to exhaust applicable administrative remedies, arguing that "he cannot exhaust his administrative remedies because he is not in

BOP custody, he is not entitled to relief under 18 U.S.C. § 3582(c)," and his construed motion should be denied (without prejudice) for that reason alone. *United States v. Rakestraw*, No. 3:17-cr-469-M-BT, 2020 WL 2114844, at *2 (N.D. Tex. May 1, 2020).

## Recommendation

The Court should deny without prejudice Defendant Randall Anthony Melton's construed 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release [Dkt. No. 55].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE